UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dorene Sherman,                                                              Case No. 16-cv-0011

            Plaintiff

    v.                                                                        MEMORANDUM OPINION

Service Corporation International, et al.,

            Defendants

## I.    INTRODUCTION

Defendants Service Corporation International and SCI Ohio Funeral Services, Inc. move to dismiss Plaintiff Dorene Sherman's complaint and compel arbitration pursuant to Rule 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. § 1. (Doc. No. 10). Plaintiff opposed (Doc. No. 11), to which Defendant responded. (Doc. No. 16). For the reasons stated below, Defendant's motion is granted.

## II.    BACKGROUND

From November 2014 to July 2015, Plaintiff Dorene Sherman was employed by Defendants Service Corporation International and SCI Ohio Funeral Services, Inc. During the course of her employment, Sherman claims she worked approximately fifty to ninety hours per week, but was never compensated for time worked over forty hours. Sherman filed a complaint against Defendants on January 4, 2016, citing violations of the FLSA and Ohio law for the unpaid overtime hours worked. (Doc. No. 1). Defendants state Sherman electronically signed an agreement to arbitrate "any and all disputes" during the hiring process and now wish to enforce that agreement. (Doc. Nos. 10 & 16). Plaintiff claims she did not sign the Arbitration Agreement and should not be compelled to arbitrate this dispute. (Doc. No. 11).

### III. STANDARD OF REVIEW

Under the Federal Arbitration Act, if a party to an arbitration agreement refuses to comply, the aggrieved party may petition the district court with jurisdiction over the underlying matter for an order to compel arbitration as provided in the agreement. 9 U.S.C. § 4. The procedure for determining whether to grant a motion to compel is as follows:

> first, [the court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that arbitration; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Additionally, "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)); *see also Huffman v. Hilltop Cos.*, 747 F.3d 391, 394-95 (6th Cir. 2014) (discussing "the strong federal policy" and "strong presumption in favor of arbitration").

### IV. DISCUSSION

Sherman concedes that the Arbitration Agreement and its terms are enforceable. She contests the enforceability of the agreement only on the ground that the agreement was not signed. As such, neither the scope of the agreement nor the arbitrability of claims is at issue. The only question remaining is whether the parties agreed to arbitrate.

Arbitration agreements are treated the same as any other contract. As a general rule, an arbitration agreement is enforceable regardless of whether the parties to be bound read or understood the agreement before signing. *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained."). As such, "absent a showing of fraud, duress, mistake, or some other ground upon which a contract may be voided, a court must enforce the contractual agreement to arbitrate." *Haskins v. Prudential Ins. Co. of America*, 230 F.3d

2

231, 239 (6th Cir. 2000) (overruled on other grounds by *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003) (en banc)). Here, the only defense Sherman asserts is that she did not sign the Arbitration Agreement.

A signature may include a physical signature or an electronic signature. O.R.C. § 1306.06. In *Jones v. U-Haul Co. of Massachusetts and Ohio Inc.*, 16 F. Supp. 3d 922 (S.D. Ohio 2014), the court addressed a situation similar to the one at hand. Among other defenses, the plaintiff asserted she had "no recollection of signing, electronically or otherwise, an arbitration…policy." *Id.* at 934. The court held that evidence provided by the defendant of plaintiff's electronic signature, submitted via an online human resources system, was sufficient to enforce an arbitration agreement. *Id.* at 934-35. Likewise, in *Morgan v. United Healthcare Services, Inc.*, 2013 WL 1828940, at *3 (S.D. Ohio Apr. 30, 2013), the court rejected a similar argument regarding an electronic signature, holding, "She could not have 'accepted' … the employment offer unless she also agreed to the Arbitration Policy as a condition of employment. To the extent plaintiff suggests she does not remember, this fails to create any issue as to whether the parties had a valid agreement to arbitrate."

In this case, Defendants claim Sherman electronically signed the Arbitration Agreement during the hiring process, referred to as "on-boarding." During the process, all new employees use an online system to view and sign all employment documents, as in *Jones*. One of these documents is the Arbitration Agreement. Under the link to the Arbitration Agreement, there is a signature statement attesting, "By selecting the 'I Agree' button, you are signing this Agreement…electronically. You agree your electronic signature is the legal equivalent of your manual signature on this document and that you have read and understand the attachment." (Doc. No. 16-2). Defendants have provided evidence that Sherman signed the Arbitration Agreement by clicking the "I Agree" button on November 20, 2014. *Id.* Additionally, as was the case in *Morgan*, the hiring process would not have continued if she had refused to click the box and sign the agreement.

Sherman's statement that she does not remember signing the agreement and general denial of doing so is insufficient to disprove the evidence provided by Defendants. Sherman's electronic signature is valid and the Arbitration Agreement is enforceable. Defendants' motion to dismiss and compel arbitration is granted.

## V.    Conclusion

In accordance with the principles of contract law, I find the Arbitration Agreement to be valid. As such, I grant Defendants' motion to dismiss and compel arbitration. (Doc. No. 10).

So Ordered.

                                                                       s/ Jeffrey J. Helmick
                                                                       United States District Judge